## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2016, 9:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James F. Noel
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James F. Noel,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 28, 2016

Court of Appeals Case No.
49A05-1508-PC-1274

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

The Honorable Amy J. Barbar, Magistrate

Trial Court Cause No.
49G02-1203-PC-16900

**Najam, Judge.**

## Statement of the Case

James Noel was convicted of attempted murder, a Class A felony, following a bench trial. On direct appeal, this court affirmed his conviction. *Noel v. State*, No. 49A02-1212-CR-1005, 2013 WL 3807426 (Ind. Ct. App. July 18, 2013) ("*Noel I*"). Noel subsequently petitioned for post-conviction relief, which the post-conviction court denied. He now appeals, challenging the post-conviction court's judgment, and he raises the following issues for our review:

1.  Whether he was denied the effective assistance of trial counsel.

2.  Whether he was denied his right to due process.

We affirm.

## Facts and Procedural History

We set out the facts and procedural history in *Noel I* as follows:

> Patricia Johnson ("Patricia") and her daughter, Jackie Bundy ("Jackie") lived with Jackie's three children on Arsenal Avenue in Indianapolis. Their friends often stopped by, including Jackie's former fiance, Paul Parks ("Parks"), and Noel. Both Noel and Parks were close friends with Jackie, having each had a romantic relationship with her in the past. Parks was also close with Jackie's family. During the course of Noel and Parks's mutual friendships with Jackie, Parks obtained $150 worth of Vicodin from Noel, but failed to pay his debt to Noel for two years.
>
> Eventually, Noel became angry that Parks had not paid him. Noel began to threaten Parks, indicating that he would "beat

[Parks's] ass" and that he was "going to get" Parks. Tr. pp. 42, 127. Additionally, Noel spoke with Parks on the phone a number of times, and tended to be aggressive and derogatory, saying, "Bitch, do you got my money?" and "You got my money? I want my money. I'll show you how we do it in Memphis."[] Tr. pp. 41-42. In late 2011, when Patricia became aware of Noel's threats to Parks, she informed Noel that he was no longer welcome at her home. Noel knew that Parks continued his close friendship with Patricia's family, and despite Patricia's admonishment to stay away, Noel asked Patricia's neighbor, George Gates ("Gates") to inform him if he saw Parks's vehicle in the area.

On March 11, 2012, Parks and his friend, Jeremy Green ("Green"), visited Patricia's home. After recognizing Parks's SUV, Gates called Noel to inform him that Parks was at Patricia's home. Noel, who was at his own home watching a movie with Jackie and Torrance Williams ("Williams"), left with them to find Parks. Parks had been at Patricia's home for around an hour and a half when Noel, Jackie, and Williams arrived. Noel went to the door and knocked. Upon hearing that Noel was there, Parks and Green prepared to leave the home, and [they] saw Noel upon exiting. The men all went to the public sidewalk, where an altercation between Parks and Noel ensued.[] Seeing Noel with his hand behind his back, and not knowing whether Noel was armed, Parks drew a box knife from his pocket and held it at his side. Noel said something to the effect of, "Gotcha, bitch," and told Parks, "I'm going to cut your f* * *ing head off." Tr. pp. 53, 158. Noel stepped in front of Parks and drew a hatchet from his back pocket. Noel then struck Parks with the hatchet twice, claiming that he believed that Parks was trying to "gut" him with the box knife. Tr. p. 262. Although Parks attempted to block Noel's blows with his arm, he was struck twice in the back of the head and neck with the hatchet. Parks began staggering and was bleeding profusely when Noel pulled back his arm to strike again. Patricia yelled for Noel to stop, and Green stepped in to attempt to gain control of the

hatchet. All three men fell to the ground before Green was able to wrest the hatchet from Noel's grip and throw it into the front yard of the home.

Meanwhile, Patricia and an anonymous caller each notified police of the ensuing struggle. As police arrived, Noel fled, and Parks was then taken by ambulance to seek medical care. In addition to the large and deep lacerations to the back of his head and neck from the hatchet, Parks suffered a variety of other bruises and contusions. The following day, Noel contacted Parks by telephone to ask Parks if he had Noel's watch, which he had lost during the altercation. Noel also told Parks that he had tried to chop Parks's head off.

On March 13, 2012, Noel was arrested and charged with one count of Class A felony attempted murder. A jury trial was held on September 4 and 5, 2012, which concluded in a hung jury and a mistrial.[] On November 19, 2012, Noel waived his right to trial by jury and was tried again, this time in a bench trial, on November 19 and 20, 2012, and the court found Noel guilty as charged.[] At each trial, Noel raised a claim of self-defense. Following his conviction, Noel was sentenced on November 28, 2012 to twenty-five years executed.[]

*Id.* at 1-2. On direct appeal, we affirmed Noel's conviction. *Id.*

[4] In his petition for post-conviction relief, Noel alleged that he was denied the effective assistance of trial counsel. In denying the petition, the post-conviction court found that Noel had waived his claim of ineffective assistance of trial counsel for failure to make cogent argument. This appeal ensued.

# Discussion and Decision

## *Issue One: Ineffective Assistance of Counsel*

Noel first contends that he was denied the effective assistance of trial counsel. The post-conviction court concluded that Noel had waived that issue for failure to make cogent argument. In particular, in its Conclusions of Law, the post-conviction court stated as follows:

> Initially[,] the Court finds that it is quite frankly impossible to fully discern exactly what Noel is claiming as errors in these issues. The Court is not required to, and [it] cannot guess or speculate as to what the Petitioner means or intends. . . . Consequently the Court finds that Noel has waived consideration of these issues.

Appellant's App. at 102. Likewise, Noel's claim of error on appeal is devoid of cogent argument.[1] Noel has wholly failed to address either prong of the *Strickland v. Washington*, 466 U.S. 668 (1984), standard for ineffective assistance of counsel. He has not argued, much less shown, either that his counsel's performance fell below an objective standard of reasonableness or, even assuming counsel's deficient performance, that such performance resulted in

---

[1] After setting out the standard case law relevant to this issue, Noel's application of that law to the facts of his case comprises a single sentence as follows:

> Because trial counsel failed to object or file a pre-trial motion to challenge the search/entry of his residence or the charging information in this case, counsel was deficient and that deficiency prejudiced him by permitting him to be convicted upon a charge not properly made. *Ryan v. State*, 9 N.E.3d 663 (Ind. 2014).

Appellant's Br. at 15.

prejudice. Thus, we hold that Noel has waived this issue for our review. *See* Ind. Appellate Rule 46(A)(8)(a).

### *Issue Two: Due Process*

[6] Noel also contends that he was denied his right to due process. This issue is waived for two reasons. First, Noel did not raise this issue in his petition for post-conviction relief. It is well settled that issues not raised in a petition for post-conviction relief may not be raised for the first time on post-conviction appeal. *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001). And second, Noel has not made cogent argument in support of this contention on appeal.

[7] Moreover, Noel's due process claim is a freestanding claim and is not available in a petition for post-conviction relief. Because this issue was known and available on direct appeal but not raised, Noel's claim is not available as a freestanding claim of fundamental error on petition for post-conviction relief. *Hinesley v. State*, 999 N.E.2d 975, 988 (Ind. Ct. App. 2013), *trans. denied*.

[8] Affirmed.

Baker, J., and Vaidik, J., concur.